IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**OMAR E. MONTERO,**
        **Petitioner,**

vs.                                                          No. CIV  06-0226 MV/LCS

**T. HATCH, Warden et al.,**
        **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mr. Montero's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed March 23, 2006. (Doc 1).  Petitioner, currently incarcerated, attacks the Amended Judgment, Partially Suspended Sentence, and Commitment filed January 28, 2003 in the Second Judicial District, Bernalillo County, State of New Mexico. (*See* Doc.10, Ex. C.)  The United States Magistrate Judge, having considered the Motion, the briefs, the record, relevant law, and being otherwise fully advised, finds there is no need for an evidentiary hearing and that Petitioner's Motion is not well-taken and should be **DENIED**.

    **I.**        **PROCEDURAL HISTORY**

    1.        On November 22, 2002, in the Second Judicial District, Bernalillo County, New Mexico, in CR 2002-00596, Petitioner pled no contest to three offenses: count 1) Trafficking (by distribution) (Cocaine) in violation of N.M. STAT. § 30-31-20(A)(2) (1978);        count 2) Conspiracy to Commit Trafficking (by distribution) (Cocaine) in violation of N.M. STAT. §§ 30-28-2 and 30-31-20(A)(2); and count 3) Trafficking (by possession with intent to distribute) (Cocaine) in violation of N.M. STAT. § 30-31-20(A)(3).  (Doc. 10, Exs. A, B.)

    2.        Mr. Montero's plea agreement listed basic sentences of eighteen years each for counts 1 and 3 (the Trafficking (by distribution) (Cocaine) and Trafficking (by possession with

intent to distribute) (Cocaine) counts); those two sentences were to be fully mitigated to twelve years and would run concurrently.  (*Id.*, Ex. B at 2-3.)  Count 2 (Conspiracy to Commit Trafficking (by distribution) (Cocaine)) carried a basic sentence of three years, which, according to the plea agreement, would be suspended.  (*Id.*)  Mr. Montero agreed, by signing his plea agreement, that he had discussed his case and his rights with his lawyer and that he read and understood the plea agreement.  (*Id.*, Ex. B at 5.)

3.      The court entered its original Judgment, Sentence, and Order Partially Suspending Sentence on November 25, 2002.  (*Id.*, Ex. A.)  In its judgment, the court erroneously recorded basic sentences of nine years in the blanks marked "years" next to Counts 1 and 3; however, the court correctly noted that Mr. Montero's "actual" term to be served would be twelve years.  (*Id.*, Ex. A at 2-3.)  On January 28, 2003, the court entered an amended judgment to reflect the corrected basic sentences of eighteen years for Counts 1 and 3.  (*Id.*, Ex. C.)

4.      Mr. Montero did not file a direct appeal.  (Doc. 1 at 3.)  On February 10, 2003, Mr. Montero filed a Motion for Reconsideration of Sentence.  (Doc. 10, Ex. D.)  After ninety days this motion was deemed automatically denied because the court did not rule on it.  *See* Rule 5-801(B) N.M.R.A.  He filed a Motion for Amended Judgment and Sentence on December 30, 2003, arguing that the court erroneously added three years to his sentence in the amended judgment.  (Doc. 10, Ex. E.)  Again, the court did not rule on the motion, and it was deemed denied.  *See* Rule 5-801(B) N.M.R.A.

5.      Mr. Montero filed a writ of habeas corpus in the Bernalillo County District Court on March 23, 2004.  (Doc. 10, Ex. F.)  He argued that the amended sentence was illegal, that his

plea was involuntary, and that he received ineffective assistance of counsel. (*Id.*, Ex. F, Attach. 1B-1C.) The court dismissed the petition on October 26, 2004, stating that "[t]he plea was fully and accurately explained to the defendant, on the record, several times. The defendant entered the plea freely and voluntarily with full knowledge of the consequences. The court accepted the plea finding that the plea was in the defendant's best interest." (*Id.*, Ex. G at 2.)

      6.      Mr. Montero maintains that he filed a petition for writ of certiorari to the New Mexico Supreme Court "on or about" January 31, 2005. (Doc. 1 at 4.) He did not, however, submit a copy of his petition or any opinion or order issued by the supreme court. (*See* Doc. 1.) Respondents did attach a copy of a petition Bate-stamped December 22, 2004 that Mr. Montero sent to the Attorney General's office. (Doc. 10, Ex. H.) Respondents state that they have "contacted the New Mexico Supreme Court and confirmed Petitioner's failure to file a certiorari petition." (Doc. 9 at 3.)

      7.      Mr. Montero, presently incarcerated in Guadalupe County Correctional Facility in Santa Rosa, New Mexico, filed his petition for federal habeas relief in this Court on March 23, 2006. (Doc. 1.) Respondents filed a Motion to Dismiss on May 3, 2006, arguing that Mr. Montero's claims are not exhausted, are time barred under AEDPA, and have no merit. (Doc. 9 at 1.) I filed an Order on June 2, 2006 directing Petitioner to respond to the Motion to Dismiss by June 30, 2006. (Doc. 12.) To date, Petitioner has not filed any type of response or request for an extension of time.

## II. ANALYSIS

Petitioner raises the following issue:

I. Whether incomplete translations of plea and sentencing proceedings into Mr. Montero's native language, or in the alternative, whether misrepresentations by defense counsel and/or the prosecution of what Mr. Montero's ultimate sentence would be, rendered Mr. Montero's plea unknowing and involuntary.

8. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Mr. Montero's petition. Because he is proceeding *pro se*, I will liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

### A. Mr. Montero's Petition Is Time Barred.

9. Mr. Montero's petition should be dismissed because it is time barred. Under AEDPA, state prisoners may ordinarily petition for federal habeas corpus relief within one year from the date on which their convictions become final. *Duncan v. Walker*, 533 U.S. 167, 185 (2001) (citing 28 U.S.C. § 2244(d)(1) 1994 ed. Supp. V). A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review . . . ." § 2244(d)(1)(A). Only extraordinary circumstances would work to toll this statute of limitations; Mr. Montero has offered no evidence of extraordinary circumstances. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998).

10. Here, the court entered Petitioner's amended sentence on January 28, 2003. (Doc. 10, Ex. C.) Petitioner moved the court to reconsider the sentence on February 10, 2003; his motion was deemed automatically denied on May 12, 2003. (*See* Doc. 10, Ex. D.) *See also* FED. R. CIV. P. 6(a); Rule 5-801(B) N.M.R.A. (motion is deemed denied if the court has not decided it within ninety days after the motion is filed). After this automatic denial, Mr. Montero

4

had thirty days, or until June 11, 2003, to appeal the decision to the New Mexico Court of Appeals; he did not appeal. *See* N.M. STAT. ANN. § 39-3-3 (1978); Rule 12-102 N.M.R.A. The court's judgment became final on June 11, 2003,[1] and AEDPA's one year statute of limitations began to run on June 12, 2003. By the time Mr. Montero filed his petition for writ of habeas corpus in state court on March 23, 2004, 286 days had run. (*See* Doc. 10, Ex. F.) While the court had Mr. Montero's petition under advisement, the one year time limit was tolled. *See* 28 U.S.C. § 2244(d)(2). The court denied the petition on October 26, 2004, and the one year time limit countdown resumed with day 287 on October 27, 2004. (Doc. 10, Ex. G.) AEDPA's one year time limit expired on January 13, 2005. Mr. Montero filed his federal petition for writ of habeas corpus on March 23, 2006, more than one year after the statute of limitations ran. Mr. Montero's petition should be denied as time barred.

        **B.**    **Mr. Montero's Claim Is Procedurally Defaulted.**

11. Because Mr. Montero failed to properly raise his claim in the New Mexico Supreme Court, his federal petition should be dismissed for procedural default. Mr. Montero never presented any of his claims to the New Mexico Supreme Court.[2] (*See* Doc. 9 at 3

---

[1] Petitioner's December 30, 2003 Motion for Amended Judgment and Sentence will not be counted for purposes of tolling AEDPA's one year statute of limitations, because it was not timely filed with the Second Judicial District Court. *See* 28 U.S.C. § 2244(d)(2). "[A]fter the expiration of the time within which to appeal a final decree, the court in the original proceeding loses jurisdiction to modify the decree except under the provisions of Rule 60(b)." *St. Clair v. County of Grant*, 797 P.2d 993, 1000 (N.M. App. 1990) (citing *Mendoza v. Mendoza*, 706 P.2d 869, 873 (N.M. App. 1985)). *See also* Rule 1-060(b) N.M.R.A.; *State v. Roybal*, 132 P.3d 598, 603-04 (N.M. App. 2006) (acknowledging that Rule 1-060(b) applies to criminal matters). Mr. Montero did not allege that he sought relief under Rule 1-060 in his December, 2003 motion, nor did he allege the requisite factors; hence, it was not timely filed for tolling purposes. *See St. Clair*, 797 P.2d at 1000.

[2] While Petitioner submitted nothing to prove he filed a petition with the New Mexico Supreme Court, he maintains that he did file such a petition. (Doc. 1 at 7.) In their answer, Respondents attach a copy of a habeas petition Bate-stamped December 22, 2004. (Doc. 10, Ex. H.) Petitioner's state petition was denied by the Second Judicial District Court on October 26, 2004; therefore, Petitioner only had until November 25, 2004 to file his petition with the supreme court. *See* Rules 12-102, 12-501 N.M.R.A. Even if Petitioner did submit a petition to the supreme court,

("Respondent has contacted the New Mexico Supreme Court and confirmed Petitioner's failure to file a certiorari petition.").) "Accordingly, [Mr. Montero], by his failure to seek timely state supreme court review of the denial of his habeas corpus petition by the state district court, failed to exhaust the available state court remedies and his claims are now procedurally defaulted for purposes of federal habeas review." *Watson v. New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995) This Court may not review this petition "'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Id.* at 388 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

   12. To show cause, "Petitioner must show that 'some objective factor external to the defense' impeded his compliance with New Mexico's procedural rules." *Id.* (quoting Dulin v. Cook, 957 F.2d 758, 760 (internal citation omitted)). Mr. Montero failed to even respond to Respondents' motion to dismiss, and so failed to demonstrate either cause and prejudice or a fundamental miscarriage of justice. Even if he had responded, I can find nothing that would have impeded Petitioner's ability to either timely file his petition or confirm that it had been received by the supreme court. Consequently, his petition should be dismissed for procedural default.

---

whether on December 22, 2004 as shown on the Bate-stamp or on January 31, 2005 as he alleges in his petition, it appears that it would have been denied as untimely. *Id.* (*See also* Doc. 1 at 4.)

6

### III.     RECOMMENDATION

Mr. Montero's failure to comply with my June 12, 2006 order scheduling briefing, or to show cause for excusing his failure, indicates a manifest lack of interest in litigating his claims. Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I recommend that Mr. Montero's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**